# EXHIBIT A

## AMENDED SETTLEMENT AGREEMENT AND GENERAL RELEASE

THIS AMENDED SETTLEMENT AGREEMENT AND GENERAL RELEASE (the "Agreement") is executed as of June 10, 2016, and is made by and between CHRIS CANNON ("Cannon"), both on his own behalf and on behalf of his company, AUDIOWORXX, LLC ("Audioworxx"), and ARCSTREAM, INC. ("ARCSTREAM").

## RECITALS

A. Cannon, the owner of Audioworxx, has raised claims pursuant to the Fair Labor Standards Act ("FLSA") alleging that Arcstream owes him overtime compensation arising out of the former business relationship between Arcstream and Audioworxx. Specifically, on September 23, 2015, Cannon filed an action in the Northern District of Florida ("Court") against Arcstream, styled Chris Cannon, on behalf of himself and those similarly situated, vs. Arcstream, Inc.; Case No: 1:15-CV-00203-MW-GRJ (the "Civil Action"). Arcstream thereafter moved to compel arbitration based upon its Contractor Agreement with Audioworxx;

B. On November 3, 2015, Cannon amended his complaint to add Cox Communications NCC, Inc. ("Cox") as an additional defendant. Cox subsequently filed motions to compel arbitration and to dismiss the claim on the merits, both of which remain pending before the Court.

C. On November 4, 2015, the Court entered an order compelling Arcstream and Cannon to arbitration their dispute. An arbitration action was thereafter commenced as between Arcstream and Cannon, styled Chris Cannon and Arcstream, Inc., AAA Case No. 01-15-0005-753932 (the "Arbitration"). ;

D. Arcstream denies that it is liable to Cannon or Audioworxx;

E. The parties have negotiated a settlement in good faith and are entering into this Agreement for the purposes of settling, compromising and resolving any and all claims Cannon or Audioworxx may have against Arcstream or Cox;

F. Cannon acknowledges that he has consulted with his attorneys at the Law Office of Matthew Birk, LLC and has been fully informed about the terms and conditions of this Agreement by his attorneys at the Law Office of Matthew Birk, LLC. After carefully considering this Agreement, Cannon has elected to participate in the settlement and to execute this Agreement. By executing this Agreement, Cannon understands the terms and conditions of this Agreement, knows that he is giving up important rights, has elected to participate in the settlement, signed the Agreement knowingly and voluntarily, and that the election to participate in the settlement and the execution of this Agreement is not the result of any fraud, duress, mistake, or undue influence whatsoever. Cannon further represents and warrants that he has not relied on any inducements, promises, or representations Arcstream or any other person, other than the terms and conditions set forth in this Agreement;

G.     Cox denies Cannon's claims of joint employment, but Cox is nonetheless an intended beneficiary of Arcstream's Settlement Payment (defined below), which is in full resolution of Cannon's claims for alleged unpaid wages and overtime compensation; and

H.     The parties desire to memorialize their agreement.

**NOW, THEREFORE,** in consideration of the mutual covenants and promises set forth below and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties expressly, knowingly and voluntarily agree as follows:

1.     **Settlement Funds.** Without admitting any liability, Arcstream has offered to pay, and Cannon has agreed to accept from Arcstream, the total sum of $15,000.00 (the "Settlement Payment") in full settlement and satisfaction of any claims Cannon or Audioworxx may have against Arcstream or Cox existing prior to the execution of this Agreement (including, but not limited to, claims by Cannon or Audioworxx for attorneys' fees and costs) and shall constitute the only sums to be paid by Arcstream to Cannon, Audioworxx or their attorneys.

2.     **Consent Award, Judicial Approval of Settlement, and Dismissal of Civil Action.** Within ten (10) business days after Arcstream receives a copy of this Agreement executed by Cannon, the parties will file a joint motion in the Civil Action seeking approval of this settlement and dismissal of the Civil Action with prejudice as to both Arcstream and Cox. Upon approval of the settlement by the Court, the parties shall dismiss the Arbitration with prejudice. The parties agree that, at Arcstream's sole option and in Arcstream's sole discretion, this Agreement shall be null and void in the event that the Court fails to approve this Agreement.

3.     **Payment of Settlement Funds.**

Within ten (10) business days of the dismissal of the Arbitration, Arcstream shall pay or cause to be paid the Settlement Payment, which shall be disbursed by checks made payable as follows:

**CHRIS CANNON:** $9,000.00 payable to Audioworxx *(of which $500.00 is specifically designated as consideration for the general release found in paragraph 4, below)* in satisfaction of any claims by Cannon or Audioworxx for alleged compensatory damages, and all other claims Cannon or Audioworxx may have against Arcstream, Cox, or any of the Released Parties (defined below).

**THE LAW OFFICE OF MATTHEW BIRK, LLC.:** $6,000.00 in satisfaction of any claim by Cannon or Audioworxx or their attorneys against Arcstream, Cox or any of the Released Parties (defined below) for an award of attorneys' fees and costs in connection with the Civil Action and/or Arbitration.

4.     **Cannon's and Audioworxx's General Release of Claims.** In exchange for the settlement described in this Agreement and Arcstream's payment of the Settlement Payment, and other good and valuable consideration, the sufficiency and receipt of which is hereby acknowledged, Cannon, for himself, Audioworxx, and his spouse, heirs, executors, administrators, representatives, attorneys, and assigns, irrevocably and unconditionally forever

Error! No property name supplied.

releases and discharges Arestream and Cox; their respective parents, subsidiaries, affiliates, successors, assigns; the past and present employees, managers, directors, shareholders, attorneys, insurers, representatives and agents of the above-listed entities; and all related parties (the "Released Parties"), from any and all actual or potential claims, demands, actions, causes of action or liabilities of any kind or nature, legal or equitable, whether known or unknown, including but by no means limited to, any unpaid overtime claim under the Fair Labor Standards Act ("FLSA") or any related federal, state or local law, statute or regulation, and all other claims related to or arising out of Cannon's or Audioworxx's association with the Released Parties, which existed prior to the execution of this Agreement, whether based in tort or contract (express or implied) or on any federal, state or local law, statute or regulation, including, but not limited to, any claims under: (i) Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., as amended; (ii) 42 U.S.C. § 1981; (iii) the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq.; (iv) the Genetic Information Nondiscrimination Act of 2008; (v) the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq.; (vi) the Family and Medical Leave Act, 29 U.S.C. § 2611 et seq.; or (vii) the Florida Civil Rights Act of 1992.

     5.    **Employee Status.**  Nothing in this agreement is intended to be an acknowledgement that Cannon was an employee of Arestream, Cox or their affiliates for purposes of state or federal law, and both Arestream and Cox deny that Cannon was ever their employee. The parties will refrain from taking any legal, administrative, or other actions in connection with the employment status of Cannon.

     6.    **No Other Suits or Claims.**  Cannon represents that other than the above-referenced Civil Action he has filed against Arestream, neither he nor Audioworxx has any suits, claims, charges, complaints, or demands of any kind whatsoever currently pending against Arestream or any of the other Arestream Released Parties with any local, state, or federal court or any governmental, administrative, investigative, civil rights, or other agency or board; nor is he aware of any facts that would serve as the basis for any civil or administrative proceeding. By entering into this Agreement, Cannon and Audioworxx waive (to the maximum extent possible by law) any right to commence, join or participate in any action or proceeding arising from or related to any act or omission by Arestream or the other Arestream Released Parties that occurred on or prior to the date Cannon executes this Agreement, including, but not limited to, any right to participate in the settlement or remedy of any action (including, but not limited to, any class, collective or other form of representative action) brought by any other individual, the U.S. Secretary of Labor, the U.S. Equal Employment Opportunity Commission, the Florida Commission on Human Relations or any other government agency. In the event that any party files a subsequent claim against Arestream or Cox alleging to be owed unpaid wages or overtime, Cannon agrees that he will not opt into the lawsuit if it is in the form of a collective action, and he will opt out of the lawsuit if it is in the form of a class action filed under Rule 23 of the Federal Rules of Civil Procedure, or any state law equivalent thereof. The provisions of this paragraph shall not bar Cannon from filing an action with respect to the enforcement or interpretation of this Agreement, or from participating in any action or proceeding in which he is compelled lawfully to do so pursuant to a court order or subpoena. Moreover, nothing herein prohibits Cannon or Audioworxx from cooperating with or participating in any investigation conducted by a federal, state or local agency.

Error! No property name supplied.

7.  **No Right of Employment.** Cannon disclaims and waives any right to future employment with Arestream or Cox, or with any of their related entities, and further agrees not to seek employment with Arestream, Cox, or any of their related entities, now or at any future time. Cannon also agrees to waive any right to perform work for Arestream or Cox, or any of their related entities, in the future in any capacity (e.g., as an independent contractor or temporary worker). Cannon acknowledges that this Agreement constitutes a legitimate, non-discriminatory and non-retaliatory reason for refusing to employ or otherwise engage him or Audioworxx.

8.  **Indemnification.** Cannon agrees to indemnify and hold harmless Arestream and Cox from any claim, levy, lawsuit, or penalty or fine imposed or filed by any United States (IRS) or state taxing authority relating to taxes for which Cannon or Audioworxx is responsible in connection with the Settlement Payment set forth in paragraph 1. Cannon further agrees to indemnify and hold harmless Arestream and Cox from any claims of any attorney or law firm purporting to represent or to have represented Cannon or Audioworxx in any dispute with Arestream. This indemnification includes any attorneys' fees and costs incurred by Arestream related to such dispute.

9.  **No Admission of Liability.** Cannon understands and agrees that Arestream and Cox admit no liability with respect to any claim related to or arising out of his or Audioworxx's association with Arestream and/or Cox, or any other matters. Arestream and Cox expressly deny liability for any and all claims asserted by Cannon or Audiworxx, and the parties agree that this Agreement may not be introduced in any action or proceeding by anyone for any purpose except to enforce its terms.

10. **Enforcement.** Any party shall have the right specifically to enforce this Agreement, and Cox shall also have the right to enforce this Agreement as it is an intended beneficiary of Arestream's Settlement Payment and the release of liability set forth herein, except for provisions which subsequently may be held invalid or unenforceable.

11. **Severability and Survival.** If any clause or provision in this Agreement is found to be void, invalid, or unenforceable, it shall be severed from the remaining provisions and clauses which shall remain in full force and effect.

12. **Applicable Law.** This Agreement shall be governed by and construed in accordance with the laws of the State of Florida, as they are applied to contracts made and to be wholly performed in Florida, regardless of choice of law principles to the contrary.

13. **Venue.** The parties acknowledge and agree that jurisdiction and venue shall lie exclusively in the state or federal courts located within Orange County, Florida, over any claims arising under or relating to this Agreement. In addition, they waive any objection which they may have based on lack of personal jurisdiction, improper venue, or forum *non conveniens*, and consent to the granting of such legal or equitable relief as is deemed appropriate by the courts.

14. **Non-Assignment of Claims or Causes of Action.** Cannon warrants and represents that he has made no assignment and covenants that he will make no assignment of the claims, demands or causes of action released herein.

Error! No property name supplied.

15. **Authorship.** All parties affirm that this Agreement is the product of negotiation and agree that it shall not be construed against any party solely on the basis of authorship.

16. **Execution in Counterparts.** The parties acknowledge and agree that this Agreement may be executed in any number of counterparts, all of which constitute the same instrument, and that any facsimile signature has the full force and effect of an original signature.

17. **Recitals.** The recitals are incorporated by reference.

18. **Entire Agreement.** This Agreement contains the entire agreement between the parties and may be modified only in a writing executed in the same manner as the original Agreement and no agreements, representations, or statements of any party relating to the subject matter of this Agreement not contained herein shall be binding on such party. *Specifically, the original version of the parties' Settlement Agreement and Geberal Release, dated May 18, 2016, which the Court refused to approve, shall be considered null and void.*

NOW, THEREFORE, the parties have executed this Agreement freely and voluntarily, as of the date first above written.

[SIGNATURES BEGIN ON NEXT PAGE]

Dated this **10** day of June, 2016.

                                           _____
                                           CHRIS CANNON, individually and on behalf
                                           of AUDIOWORXX, LLC

STATE OF FLORIDA      )
                            )ss:
COUNTY OF **Alachua** )

        Sworn to and subscribed before me this **10th** day of **June**, 2016, by Chris Cannon, who is personally known to me or who has produced **Florida Drivers License** _____ (type of identification) as identification.

                                           _Brenda Gatson_
                                           NOTARY PUBLIC, STATE OF FLORIDA

Brenda Gatson
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF934918
Expires 11/14/2019

                                           **Brenda Gatson**
                                           (Print, Type or Stamp Commissioned Name of Notary Public)

                                           ARCSTREAM, INC.

                                           By:_____
                                           Its:_____

STATE OF FLORIDA      )
                            )ss:
COUNTY OF _____ )

        Sworn to and subscribed before me this _____ day of _____, 2016, by _____, as _____ of Arcstream, Inc. who is personally known to me or who has produced _____ (type of identification) as identification.

                                           _____
                                           NOTARY PUBLIC, STATE OF FLORIDA

                                           _____
                                           (Print, Type or Stamp Commissioned Name of
                                           Notary Public)

Scanned by CamScanner

Dated this _____ day of June, 2016.

_____
CHRIS CANNON, individually and on behalf
of AUDIOWORXX, LLC

STATE OF FLORIDA        )
                        )ss:
COUNTY OF _____     )

Sworn to and subscribed before me this _____ day of _____, 2016, by Chris Cannon, who is personally known to me or who has produced _____ (type of identification) as identification.

_____
NOTARY PUBLIC, STATE OF FLORIDA

_____
(Print, Type or Stamp Commissioned Name of Notary Public)

ARCSTREAM, INC.
By: _Robert Kohn_____
Its: _Vice President____

STATE OF FLORIDA        )
                        )ss:
COUNTY OF _Orange_      )

Sworn to and subscribed before me this _10th_ day of _June_, 2016, by _Robert Kohn_, as _Vice President_ of Arcstream, Inc. who is personally known to me or who has produced _____ (type of identification) as identification.

[Notary seal: AMBER JERMAN, Notary Public - State of Florida, My Comm. Expires Mar 20, 2018, Commission # FF 104181, Bonded Through National Notary Assn.]

_Amber Jerman_
NOTARY PUBLIC, STATE OF FLORIDA
_Amber Jerman_
(Print, Type or Stamp Commissioned Name of Notary Public)

Error! No property name supplied.