# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
### GAINESVILLE DIVISION

CHRIS CANNON, on behalf of
himself and those similarly
situated,

      *Plaintiff*,

v.                          Case No. 1:15cv203-MW/GRJ

ARCSTREAM, INC., and
COX COMMUNICATIONS NCC,
INC.,

      *Defendants.*
_____/

## ORDER APPROVING SETTLEMENT
## AND DISMISSING ACTION WITH PREJUDICE

In this action Plaintiff brings claims under the Fair Labor Standards Act (FLSA). Under *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982), this Court must review and approve a settlement. This Court expressed reservations with the parties' first proposed settlement agreement (filed under seal), specifically that it contained a confidentiality provision and a general release without separate consideration. ECF No. 29. The parties submitted a second proposed settlement agreement omitting the confidentiality

1

provision and designating a portion of Plaintiff's recovery as consideration for the general release. Accordingly, this Court finds that the second proposed settlement agreement, ECF No. 31-1, represents a fair and reasonable resolution of Plaintiff's FLSA claims. This Court approves the settlement and will dismiss the case with prejudice.

For these reasons,

**IT IS ORDERED**:

1. The joint motion for approval of the settlement, ECF No. 31, is **GRANTED**.

2. The first motion for approval, ECF No. 25, is **DENIED** as moot.

3. The parties must comply with their settlement agreement, ECF No. 31-1.

4. All claims are voluntarily dismissed with prejudice under Federal Rule of Civil Procedure 41. This Court retains jurisdiction to enforce the terms of the settlement agreement.

5. The Clerk must enter judgment stating, "The parties are ordered to comply with their settlement agreement. All

claims in this case are voluntarily dismissed with prejudice under Federal Rule of Civil Procedure 41. This Court retains jurisdiction to enforce the terms of the settlement agreement."

6. A party who objects to the terms of this order or the judgment to be entered based on this order must file a timely motion to alter or amend under Federal Rule of Civil Procedure 59(e).

7. The Clerk must close the file.

**SO ORDERED on June 11, 2016.**

          <u>**s/Mark E. Walker**</u>   
          **United States District Judge**